(No. 939—Claim denied.)

GEORGE W. BROWN, ADMINISTRATOR OF THE ESTATE OF ANNA L. BROWN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

NON-LIABILITY OF STATE—*not liable for negligence of officers of sub-division of the State.* The State is not liable for the negligence of officers of a sub-division of the State.

SAME—*when court is without jurisdiction.* The court will not take jurisdiction and consider claims arising through the negligence of officers or other authorities of sub-divisions of the State.

HUBER & REIDY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover on account of an accident that resulted in the death of Anna L. Brown on the 7th day of November 1924. The injury was caused by the slipping of a Ford automobile, in which the deceased was riding, from a high road into a ravine at a point where the road crossed a culvert. The injury was sustained on a road in the township of Buffalo Prairie in the county of Rock Island, State of Illinois, and that at the time of the accident and for several years prior thereto said road at the place of accident was maintained, controlled and operated by said township of Buffalo Prairie operated by said township through its elected and appointed officers according to a stipulation between said parties herewith filed, and it was further stipulated that said road was not at the time of the accident maintained, controlled or operated by the State of Illinois nor any of its officers or agents excepting in so far as the township road officers are exercising a State function in the performance of their duties and that it was not a part of any of the State roads or Bond issue roads of the State.

There can be no contention as to any legal liability of the State. It does not appear that there is any authority for this court to consider this case as a matter of equity or good conscience and it is the opinion of this court that if the State of Illinois assumed every liability caused by a defective dirt road throughout the State that the obligation would be over-

whelming and would be an obligation far from that which the legislature had in mind when this court was created.

It is the opinion of the court that this comes within the rule announced many times, that this court would not take jurisdiction to consider the allowance of claims that might arise through the negligence of officers or other authorities in townships or other similar organizations of the State.

Therefore this claim is disallowed.